Nancy Rogel DE HERNANDEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–71124.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed May 9, 2011.

Alejandro Oscar Campillo, Esquire, Alejandro O. Campillo, APLC, San Diego, CA, for Petitioner.

Ada Elsie Bosque, Trial, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, Jem C. Sponzo, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Nancy Rogel De Hernandez, a native and citizen of Mexico, petitions for review

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Mercado–Zazueta v. Holder*, 580 F.3d 1102, 1104 (9th Cir.2009), and we grant the petition for review.

The BIA decided this case without the benefit of our decision in *Mercado–Zazueta v. Holder*, in which we held that for purposes of satisfying the five years of lawful permanent residence required under 8 U.S.C. § 1229b(a)(1), a parent's status as a lawful permanent resident is imputed to the unemancipated minor children residing with that parent. 580 F.3d at 1113–116. Accordingly, we grant the petition for review and remand to the BIA for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.